UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEF SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11672** |
| **COMPLETE LOGISTICAL SERVICES, LLC, ET AL.** | **SECTION: "T" (4)** |

## ORDER

Before the Court is **Plaintiff's Motion to Quash Subpoenas for Cell Phone Records (R. Doc. 33)** filed by Plaintiff Joseph Scott, seeking an order quashing the subpoenas issued by Defendants, which seek the production of cell phone records and all text messages of Plaintiff in the possession of his wireless carriers, Cricket Wireless/AT&T and Tracfone Wireless, Inc from June 1, 2019 to May 6, 2021. Defendants Complete Logistical Services, LLC and Noble Drilling (U.S.) LLC oppose this motion. R. Doc. 34. Plaintiff filed a reply. R. Doc. 37. This motion was submitted on June 9, 2021 and was heard on the briefs.

I.   **Background**

Plaintiff Joseph Scott filed his seaman complaint on July 15, 2019, following an incident on July 2, 2019, in which a crane load—28,000-pound spreader—fell atop Scott's left shoulder, neck and back. R. Doc. 1. Plaintiff alleges that he sustained severe and debilitating physical and emotional injuries. *Id.*

In connection with this motion, Plaintiff seeks an order quashing subpoenas sent to his cell phone carriers which seek "[a]ll cellphone records, all text messages of Josef (Joseph) Scott . . . for the period June 1, 2019 through May 6, 2021." R. Doc. 33-1. Plaintiff contends that the subpoenas go well beyond the permissible bounds of discovery, seeking records for a two-year period and before the incident even occurred. *Id.* Plaintiff further contends this fishing expedition

is an invasion of his privacy and possibly implicates attorney client-privilege. *Id.* As such, Plaintiff seeks the subpoenas be quashed. *Id.*

Defendants oppose this motion. R. Doc. 34. Defendants contend that the cell phone data sought in the subpoenas is relevant for establishing the extent of the plaintiff's alleged injury and disability. *Id.* Specifically, Defendants contend that Scotts is exaggerating the extent of his injuries—both mental and physical. *Id.* In support, Defendants append photographs captured from a private investigator that show Scott participating in multiple social interactions and having greater mobility, which they contend contrasts his testimony. *Id.*

The discovery deadline in this case has been established as June 29, 2021. R. Doc. 18. The pretrial conference is set to occur on October 13, 2021, and the trial will proceed on November 8, 2021. R. Doc. 32.

Since the motion has been filed, the documents were rerouted to Plaintiff to hold pending the resolution of this motion.

**II.     Standard of Review**

Federal Rule of Civil Procedure ("Rule") 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

Subpoenas issued under Rule 45 may be served upon both party and nonparties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject

matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014). "Both Rules 45 and 26 authorize the court to modify a subpoena *duces tecum* when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

**III.   Analysis**

Defendants contend that the information sought by the subpoenas is relevant because it shows when Scott made calls and exchanged texts, where he was when he did so, and with whom he communicated. R. Doc. 34, p. 5. Defendants contends that these records are relevant to Scott's actual mobility, his social interactions, and his alleged lack of social support. *Id.*

Plaintiff contends that the subpoenas are overbroad and irrelevant, an invasion of privacy and privileged, and constitute a harassing fishing expedition. R. Doc. 33. Plaintiff further contends that Defendants' argument largely ignores or mischaracterizes medical evidence. R. Doc. 37. Plaintiff finally contends that Defendant fails to address how a monumental invasion of privacy is proportional to the needs of the case. *Id.*

First, because the subpoena seeks to obtain the Plaintiff's cell phone records, the Plaintiff has enough of a personal interest in the subject matter of the subpoena to have standing to challenge the subpoena. *Howard v. Seadrill Americas, Inc.*, No. CV 15-2441, 2016 WL 7012275, at *2–3 (Roby, M.J.) (E.D. La. Dec. 1, 2016) (citing *Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014) (Wilkinson, M.J.) ("[Plaintiff] has standing to object to the subpoena because it implicates his personal interest in the privacy of his cell phone records."); *Clark v. Johnson*, No. 14-cv-582, 2015 WL 4694045, at *2 (N.D. Okla. Aug. 6, 2015) ("Courts have held that an individual has a personal interest sufficient to give him standing to challenge a subpoena for discovery of personal information in the custody of a third party. This includes cell phone information.")).

Second, under the 2015 Amendment to the Federal Rules of Civil Procedure, parties may obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* (citing Fed. R. Civ. P. 26(b)(1)). In addition, "the Amended Federal Rule of Civil Procedure 26(b)(1) effective December 1, 2015 makes clear that the scope of discovery is limited to matters that are both 'relevant' and 'proportional.'" *Id.* at *4 (emphasis in the original).

In *Howard*, the Court considered whether cell phone records would be appropriate evidence to support a theory, such as the plaintiff seeking unnecessary medical treatment. *Howard*,

4

2016 WL 7012275, at *3. The Court ultimately determined that the cell phone records were not important to resolving that issue in the case as the defendant could obtain evidence of the same without the cell phone records. *Id.* at *4. As such, the Court found the cell phone records not proportional to the needs of the case. *Id.*

Likewise, in *Winter*, the defendant argued specifically that records of plaintiff's phone calls, text messages, and data transfers from both before and after the accident would reveal relevant information to the plaintiff's claim that the accident caused him ongoing mental and physical injuries. *Winter*, 2014 WL 3778833, at *2. Similar to the Defendants in this case, the defendant in *Winter* also argued that the cell phone usage—such as frequency and duration—would also reflect the degree of his impairment after the accident. *Id.* The Court, however, found "[t]he assumptions behind this contention are too tenuous to support a finding that the requested records are relevant to any party's claim or defense." *Id.* As such, the Court in *Winter* quashed the subpoena as "the tangential relevance" was not significant enough to expand the scope of discovery. *Id.*

Here, the Court is of the same opinion. It is unclear to the Court what evidence that the cell phone records will show that correlate to their claim that he was exaggerating his injuries. In addition, Defendants already have been able to obtain this type of evidence through other sources—*i.e.* the photographic evidence from their private investigator. The relevance of these documents, if any, is minimal especially when considering that Defendants want records for over a two-year period both before and after the accident. In light of these considerations, the Court finds the subpoenas are not proportional to the needs of the case.

IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion to Quash Subpoenas for Cell Phone Records (R. Doc. 33)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the *Subpoenas Duces Tecum* issued to Cricket Wireless/ AT&T and Tracfone Wireless, Inc. are **QUASHED.**

New Orleans, Louisiana, this 11th day of June 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**