UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEF SCOTT | CIVIL ACTION |
| VERSUS | NO: 19-11672 |
| COMPLETE LOGISTICAL SERVICES, LLC, ET AL. | SECTION: "T" (4) |

## ORDER

Before the Court is a Motion for Review of Magistrate Judge Decision filed by Complete Logistical Services, LLC, and Noble Drilling U.S. LLC ("Defendants").[1] Plaintiff Josef Scott filed an opposition to Defendants' Motion,[2] to which Defendants filed a reply.[3] Having considered the complaint, the record, the applicable law, and the relevant pleadings, the Court affirms the Order issued by the Magistrate Judge.

On July 15, 2019, Plaintiff filed a Jones Act complaint following an incident in which he allegedly sustained severe injuries while working aboard the M/V NOBLE GLOBETROTTER I, a vessel owned and operated by Defendants.[4] During discovery, Defendants issued subpoenas to Plaintiff's cell phone providers demanding "[all] cell phone records, all text messages of [Plaintiff]…for the period June 1, 2019, through May 6, 2021."[5] Plaintiff sought to quash these subpoenas as an overly intrusive fishing expedition beyond the permissible bounds of discovery,[6] and the Magistrate Judge agreed, finding the subpoenas irrelevant, unnecessary, and thus disproportional to the needs of the case under the Federal Rules of Civil Procedure.[7] Defendants now seek review of that Order arguing *inter alia* that the Magistrate failed to properly weigh the

---

[1] Order Granting Motion to Quash, R. Doc. 38; Motion for Appeal/Review of Magistrate Judge Decision, R. Doc. 40.
[2] R. Doc. 41.
[3] R. Doc. 44.
[4] R. Doc. 1 at 2.
[5] R. Doc. 33-1.
[6] *Id*.
[7] R. Doc. 38 at 4-5; Fed. Rs. Civ. P. 45(d)(3) and 26(b).

1

relevance, burden, and importance of the records against the value of the cause and ability of Defendants to obtain the evidence elsewhere.[8]

Under Rule 45, the Court may quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or (iv) subjects a person to undue burden."[9] The discovery sought must be proportional to the needs of the case.[10] To determine if discovery is proportional, the court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit."[11] Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).[12]

The Court finds the Order appropriate because the Magistrate Judge properly considered the applicable factors and instructing case law in quashing the subpoenas. As mandated by the Federal Rules, discovery must be proportional to the needs of the case, which includes both the intrusive burden imposed on Plaintiff and the access to the relevant information.[13] Here,

---

[8] R. Doc. 40-1 at 2.
[9] *Van Wright v. Hornbeck Offshore Services, L.L.C.*, No. CV 19-13426, 2020 WL 7318083, at *3; *citing* Fed. R. Civ. Proc. 45(d)(3) and *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004).
[10] Fed. R. Civ. P. 26(b)(1).
[11] *Id*.
[12] *Howard v. Seadrill Americas, Inc.*, No. CV 15-2441, 2016 WL 7012275, at *2 (E.D. La. Dec. 1, 2016).
[13] *Howard*, 2016 WL 7012275, at *2 (finding that, given the plaintiff's privacy interest, the burden imposed on producing phone records outweighs the benefit).

Defendants seek nearly two full years of cell phone records—including calls and text messages—without any limiting focus as to the content or subjects of those communications. Defendants argue that they "cannot have followed [Plaintiff] everyday" in gathering evidence of his whereabouts and communications, but Defendants are not entitled to such unbridled private information. Further, the relevant information sought is likely duplicative of the surveillance evidence Defendants already obtained via private investigator. Cell phones are sophisticated devices holding a wealth of personal information and comprehensive insight into a person's privacy. Subpoena power is an important tool of discovery, but its use must remain proportional to the needs of the case and the burden imposed on the target's privacy interest. Without a more tailored approach, the subpoenas at issue disproportionally exceed those needs.

This is not to say that Defendants are completely precluded from subpoenaing relevant cell phone records. Indeed, the Court recognizes the authorities presented by Defendants and the fact that parties may obtain cell phone records during discovery where, among other things, the subpoena is proportional and relevant enough to expand the scope of discovery.[14] The broad, disproportional reach of these subpoenas is what warrants their quashing here.

---

[14] *Winter v. Bisso Marine Co., Inc.*, No. 13-5191, 2014 WL 3778833, at *2-4.

## CONCLUSION

For the foregoing reasons**, IT IS ORDERED** that the Order of the Magistrate Judge is **AFFIRMED**.

New Orleans, Louisiana, this \_\_16th\_\_ day of July, 2021.

*/s/ Greg Gerard Guidry*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**